DUKE POWER COMPANY, A NEW JERSEY CORPORATION, PROSECUTOR, v. THE SOMERSET COUNTY BOARD OF TAXATION AND HILLSBOROUGH TOWNSHIP, A MUNICIPAL CORPORATION, DEFENDANTS.

Submitted January 16, 1940—Decided April 9, 1940.

Before BROGAN, CHIEF JUSTICE, and Justices DONGES and PORTER.

For the prosecutor, *Pitney, Hardin & Skinner* (*Shelton Pitney* and *William J. Brennan, Jr.,* of counsel).

For the defendant Hillsborough township, *W. Eddy Heath* (*Charles F. Lynch* and *Frederick C. Vonhof,* of counsel).

BROGAN, CHIEF JUSTICE. The writ of *certiorari,* addressed to the Somerset County Board of Taxation and Hillsborough township, a municipality of Somerset county, directs that there be returned to this court the determination of said tax board "together with the record in said matter including the complaint, notice of hearing, notice of motion to dismiss complaint and proceedings," and other documents as well as "the transcript of the proceedings had before the board on August 30th and September 12th, 1939."

Now the return to the writ includes the complaint in question, a notice addressed to the Duke Power Company, a New Jersey corporation (prosecutor of this writ), advising that the township had made written complaint to the Somerset County Board of Taxation praying that an assessment of $17,673,877 be added to the tax duplicates for the taxing dis-

trict of the township as of October 1st, 1938, on the intangible personal property of this corporation, which has its "principal, registered and chief office" in said municipality, which property was omitted from the assessment rolls of the taxing district of the township for the taxing year 1939. The notice further advised the date, place and hour set for hearing the matter by the County Tax Board. Next there is a special appearance by counsel for the proposed taxpayer and notice that motion would be made "to dismiss the complaint, hearing and proceedings thereunder for lack of jurisdiction of the subject-matter of the proceedings and of the person of the respondent" on the ground that the statute, under which it is proposed to add the omitted property to the tax duplicate (*R. S.* 54:3-20), is not in force and effect and, further, that if the statute in question is completely efficient for the proceeding contemplated, then such property has not been "specified" within the statutory requirement; that the complaint does not allege any facts from which it may be inferred that the office of the power company is located in the taxing district; that the complaint is not filed by an authorized person and, that the notice of hearing was ineffectual, and, finally, that the County Tax Board had no jurisdiction in the premises.

The motion challenging the complaint for failure to "specify" the intangibles was successful in great part, the County Tax Board in its determination of October 16th, 1939, having struck out the entire list of the alleged omitted intangible properties, save one item entitled, "Cash: $5,602,986." The board also held that it had jurisdiction over the subject-matter and the person of the power company.

There is also returned the proceedings before the Somerset County Board of Taxation, dated August 30th, 1939. We find nothing in the matter of a proceeding under date of September 12th, 1939, as called for in the writ. But in the "proceedings" returned we find that no witness was sworn and no testimony therefore adduced although several exhibits were marked and put in evidence. These are not returned with the writ. Such exhibits appear to have been: a certified copy "of the transfer of the corporate location [of the

Duke Power Company] from Newark to Hillsborough Township." (*Exhibit H-1*); then a resolution of the governing body of the township authorizing the tax collector to proceed (*Exhibit H-2*); further, a complaint of the municipality which the secretary of the tax board, who was not sworn, says he received and which we assume is the facsimile of what is in the record before us, marked "Complaint" (*Exhibit H-3*); the next omitted paper is an affidavit of service (*Exhibit H-4*). Just what service was made or upon whom, we have no way of knowing. These papers, received in evidence and marked by the county board were not, save one (the complaint) printed in the record. These exhibits should have been included in the return to the writ.

The case was not argued. If it had been, attention would have been directed to these defects.

Turning now to the argument in the prosecutor's brief, it is first said that the County Board of Taxation, a statutory tribunal, has no powers extra the statute. This may be conceded but we are not directed to any matter wherein the county board exceeded its powers or to any irregularity.

The second point is that there is a failure to "specify," as the statute ordains, one element of the property listed in the complaint for addition to the tax duplicates. This is directed at the money item which is specified as "Cash." The argument is that the specification is insufficient; that if the municipality meant money in bank the depositories of it are not specified; and, further, that if it be money in the bank, then such property is not cash or money but is rather a debt between the depositor and the bank from which the prosecutor concludes that the power company has no property, as such, in the bank. We find no merit at all in this argument. This money item is different in character from the rest of the list of omitted personal property. The extent of the item is stated in dollars. If the amount be correct its location is of no importance. The taxpayer is sufficiently informed and the statutory requirement that such property be specified is met by the statement "Cash" and the amount of same. From it the taxpayer knows just what is assessed, the amount and value thereof, which value does not change in the district.

Passing to the third point which is that the complaint was not signed by a person authorized by the statute, *supra,* so to do, we observe that the complaint was signed in the name of the township by Christopher G. Horner, township collector. The statute ordains that such complaint may be made by the collector or any taxpayer of the district or the governing body. The argument is that because the complaint was signed "Hillsborough Township" with the name of the collector written underneath, it was improper; that it was not executed by the municipality in proper corporate form; that it is not a complaint by Mr. Horner as collector since the township is designated as the complainant.

We think the statute was substantially complied with. The writing is at least a complaint by Mr. Horner as collector, and all reference to the township as such may be treated as surplusage.

It is next argued that the notice of hearing was defective because it did not contain specifications of the property claimed to have been omitted from the tax rolls. But the statute makes no such requirement. The cases upon which the prosecutor relies—*Folwell, White & Co.* v. *Warford,* 32 *N. J. L.* 207, and *Mitsch* v. *Township of Riverside,* 86 *Id.* 603, are not at all applicable.

Lastly it is said that *R. S.* 54:3-20, upon which the prosecutor relies in his previous argument for a favorable judgment, "was not and is not in force and effect as part of the revised statutes;" and the argument is that the statutory provisions in question were originally embodied in section 28 of the Tax act of 1903; that this act was repealed by chapter 236, *Pamph. L.* 1918 (section 801) and that the revisors of our statutes whose authority is outlined in chapter 73, *Pamph. L.* 1925, exceeded their authority by including the provisions of the 1903 act, *supra,* in the Revision of 1937 as 54:3-20. But this we do not find to be so. It is true that section 202 of the 1918 statute provided in part that "property omitted by the assessors may be assessed as hereinafter provided," but it is also true that when this section is considered and contrasted with section 501 of the same statute and the germane sections that follow it, viz., 503, 504 and

507, that the legislature had in contemplation the revision and correction of the tax lists, even the supplementing of same by adding thereto omitted ratables for the then *current* or *pending* year. But the statute of 1903 (section 28, now *R. S.* 54:3-20) contemplated a situation entirely different, and this was that an addition of omitted property might be made at any time within a year *after the taxes* became a lien. We find no inconsistency between the old statute of 1903, section 28 (*R. S.* 54:3-20) and the provision of section 507 of the 1918 statute, now known as *R. S.* 54:4-47. This being so, it follows that the act in question was not repealed by chapter 236, *Pamph. L.* 1918, *p.* 882, § 801.

In defense of the incomplete record, *i. e.,* the return, answer is made that the fault for omission should be laid at the feet of the township, defendant, since it is said there was a failure on the part of the township authorities to make the exhibits offered by them part of the return. Be that as it may, the writ was allowed on the application of the taxpayer and it was the duty of the applicant to procure a proper return. *Cf. State* v. *Gibbons,* 4 *N. J. L.* 45, 53 (*48). If there was any difficulty, application might have been made to the Supreme Court justice who signed the *allocatur* rather than make argument on points which the court has no opportunity to explore because of want of proof or exhibit in the return.

It is said by the defendant that this writ should be dismissed as improvidently allowed. The claim is that its allowance was premature because there is no final judgment. This contention is not sound. The writ was allowed because the prosecutor charged that the proceeding before the county tax board was not legally authorized, that the statute invoked to support the proceeding was non-existent as a matter of law. A challenge to the jurisdiction of a special tribunal or irregularity in its proceeding need not, in the sound discretion of this court, await final judgment. *Cf. Mowery* v. *Camden,* 49 *N. J. L.* 106. Other matters argued in the prosecutor's brief have been considered but require no discussion. In our opinion they are without merit.

The writ will be dismissed, with costs.